IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KENNETH BERNARD AND KIM BERNARD<br>　　Plaintiffs,<br><br>v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, PREMIER ADJUSTING SERVICES, INC., JOHN KELLY, TY PATCH and EVELYN SMITH<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1-09-cv-313-MAC-KFG<br>JURY |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE KEITH F. GIBLIN:

COME NOW, Kenneth Bernard and Kim Bernard ("Plaintiffs") and file this *Plaintiffs' First Amended Complaint*, complaining of Property and Casualty Insurance Company of Hartford ("Hartford"), Premier Adjusting Services, Inc. ("Premier"), John Kelly ("Kelly"), Ty Patch ("Patch") and Evelyn Smith ("Smith") (who, at times, will be collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

**PARTIES**

1.  Plaintiffs Kenneth Bernard and Kim Bernard are individuals residing in Jefferson County, Texas.

2.  Defendant Hartford is an insurance company registered to engage in the business of insurance in Texas. This defendant has appeared and answered, no citation is requested at this time.

3. Defendant Premier is a corporation incorporated in and having its principal place of business in a state other than the State of Texas. This defendant has appeared and answered, no citation is requested at this time.

4. Defendant Kelly is an individual residing in and domiciled in the State of Arizona, and the cause of action arises out of this defendant's business activities in the State of Texas. This defendant has appeared and answered, no citation is requested at this time

5. Defendant Ty Patch is an individual residing in and domiciled in the State of Texas, and the cause of action arises out of this defendant's business activities in the State of Texas. This defendant has appeared and answered, no citation is requested at this time.

6. Defendant Smith is an individual residing in and domiciled in the State of Texas, and the cause of action arises out of this defendant's business activities in the State of Texas. This defendant has appeared and answered, no citation is requested at this time.

## JURISDICTION

7. This Court has jurisdiction over this suit because the amount in controversy is within the jurisdictional limits of the Court and there is diversity of citizenship between parties under 28 U.S.C. §1447 (c).

## VENUE

8. Venue is proper in this judicial district under 28 U.S.C. §1391(4)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

## FACTS

9. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referenced to as "the Policy"), which was issued by Hartford.

10. Plaintiffs own the insured property, which is specifically located at 6898 Tallow Drive, Beaumont, Jefferson County, Texas 77713, (hereinafter referenced as "the Property").

11. Hartford sold the Policy, insuring the Property, to Plaintiffs.

12. On or about September 12, 2008, in the late evening going into the early morning hours of September 13, 2008, Hurricane Ike struck Jefferson County, Texas, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including Plaintiffs' residence. Plaintiffs' home sustained extensive structural damages with cracks that developed throughout the interior and exterior of the home. As a result, the fierce winds accompanying the storm, damaged the brick exterior creating diagonal cracks around the chimney, and north exterior brick wall which was pushed inward. The top of the brick chimney was blown off and flying bricks punctured the roof in numerous places. The bricks also pelted the back patio metal cover and garage door. A large section of the wooden cedar fence was blown down and a large oak tree fell on part of it. These damages to the roof and chimney caused extensive water damage to the interior of the residence. A hole in the chimney allowed water to pour into the interior of the living room soaking the walls and carpet. There was significant water damage to the interior of the home. Immediately after the storm, Plaintiffs filed an insurance claim with their insurance company, Hartford, for the damages to their home caused by Hurricane Ike.

13. Hartford told Plaintiffs an adjuster would come out to the house to survey the damages. The first adjuster, John Kelly ("Kelly"), came on October 3, 2008 to inspect the property. Kelly was unable to move around to inspect the house and look at all of the damages due to a recent hip problem. Kelly did not get on the roof or climb into the attic, even though there was obvious damage. Plaintiffs pointed out all the exterior and interior damages to Kelly, including the damaged chimney and the brick wall on the north side of the home which had shifted. Because Kelly refused to get on the roof to inspect the damages, Plaintiffs attempted to describe the holes and numerous missing and lifted shingles on the roof. Additionally, Plaintiffs showed Kelly all of the interior living room damages around the fireplace and pointed out the cracked sheetrock in the ceiling and walls of the master bedroom.

14. Approximately week after the inspection, Plaintiffs had not received Kelly's estimate. As such, Plaintiffs called Hartford to inquire about the status of Kelly's report. Plaintiffs were informed that Hartford had not received Kelly's report. Between October 15, 2008, and November 7, 2008, Plaintiffs called Hartford at least five times to check the status of the reports from Kelly. Each time, Plaintiffs were told by Hartford that they still had not received the report from Kelly. When Plaintiffs' finally received Kelly's report, they were extremely upset with Kelly's assessment of damages. Kelly had neglected to include major damages, including the damage to the chimney and the damage to the north exterior wall. Plaintiffs immediately called Hartford and complained about Kelly's incomplete and inadequate assessment and asked Hartford to send out another adjuster.

15. Instead of sending another adjuster, Hartford later sent a California engineer to assess the structural damage to the chimney and exterior walls, however the engineer report stated that the damage to the exterior brick wall of Plaintiffs' home was the result of settlement of the slab and not Hurricane Ike. Plaintiffs knew this report was not correct because their home did not have any damage to the roof, chimney, or structural walls before Hurricane Ike. Plaintiffs called Hartford and told them that the engineer's report was inaccurate and that none of these damages existed prior to Hurricane Ike.

16. To avoid further damage to Plaintiffs home, Plaintiffs were forced to use the small amount of money Hartford sent, and much of their own funds, to patch the roof, which clearly needed to be replaced, and to repair part of the damaged chimney. Throughout the process, Plaintiffs gave Kelly estimates that Plaintiffs had obtained on their own to have the repairs done to their house so Kelly could pass them onto Hartford. Plaintiffs gave Kelly an estimate from Davis Chimney Services for the repair of the chimney. The Davis estimate for repairs to the interior brick chimney and fireplace and the cost to replace the damaged firebox was over $11,000.00. Plaintiffs also gave Kelly the invoice from Barbour's Tree Service for $2,500.00 for the removal of the large tree that had fallen on the fence, and for removal of all the tree limbs.

17. Around the middle of January 2009, the second adjuster named "Ty" came out to reinspect Plaintiffs' home. Ty did not go into the attic, and only briefly inspected the roof and the damaged chimney. Plaintiffs informed Ty that they needed a new roof, but Ty told Plaintiffs that Hartford would only pay for the roof to be patched. Plaintiffs further informed the second adjuster that Plaintiffs had to replace the carpet because it was completely destroyed

due to water intrusion, and informed him that Plaintiffs needed to reimbursed for the cost to replace the carpet. Additionally, Plaintiffs told Ty that they needed money to replace the exterior bricks in the wall that shifted due the hurricane force winds. Plaintiffs further showed Ty the damage to the chimney and interior fireplace, and told him it needed to be replaced. When Plaintiffs finally received the second adjuster's report, it did not include any of the replacement costs that Plaintiffs requested and only accounted for minor repairs, even though Plaintiffs had specifically told him of other damages.

18. Plaintiffs contacted Brick Solutions to perform an estimate for the cost to replace the damaged exterior bricks on the top of the chimney and north-facing wall of the home. Plaintiffs faxed Brick Solutions' estimate for $11,700.00 to Hartford and expressed their dissatisfaction with their adjustment of Plaintiffs' claim.

19. Eventually, Plaintiffs received a second check from Hartford in February 2009 for $13,500.00. After receiving this check, Plaintiffs became frustrated and upset because this was still not enough money to correct all the damages Plaintiffs' home had sustained as a result of Hurricane Ike. Plaintiffs felt Hartford had under assessed the damages to Plaintiffs' home and underpaid them. Plaintiffs called Hartford and complained, but was told that was all the money they were ever going to receive. At this point Plaintiffs' house was still in a state of disrepair and Plaintiffs were out of money.

20. Plaintiffs' property did not have any damage before Hurricane Ike and was in good condition. Plaintiffs have tried to repair their home, but have not been able to make complete repairs to the damaged areas because Plaintiffs' do not have the money to do to, and Plaintiffs' have not been paid enough money from Hartford to make the necessary repairs to their home.

21. As detailed in the above paragraphs, Hartford wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Hartford underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by the Plaintiffs as well as under scoping the damages during their investigation. Additionally, Hartford continues to delay in the payment of the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home. Plaintiffs' damages to their home are believed to exceed the policy limits on the structure at this time.

22. Defendant Hartford failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Hartford's conduct constitutes a breach of the insurance contract between Hartford and Plaintiffs.

23. Defendants Hartford, Premier, Kelly, Patch and Smith misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a)(1).

24. Defendants Hartford, Premier, Kelly, Patch and Smith failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a)(2)(A).

25. Defendants Hartford, Premier, Kelly, Patch and Smith failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Hartford, Premier, Kelly, Patch and Smith failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Hartford, Premier, Kelly, Patch and Smith did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a)(3).

26. Defendants Hartford, Premier, Kelly, Patch and Smith failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive a timely, written indication of acceptance or rejection, regarding the full and entire claim from Defendants which conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a)(4).

27. Defendants Hartford, Premier, Kelly, Patch and Smith refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Hartford, Premier, Kelly, Patch and Smith failed to conduct a reasonable investigation. Specifically, Defendants Hartford, Premier, Kelly, Patch and Smith performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a)(7).

28. Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29. Defendant Hartford failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

30. Defendant Hartford failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

31. From and after the time Plaintiffs' claim was presented to Defendant Hartford, the liability of Hartford to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Hartford has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Hartford's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32. Defendants Hartford, Premier, Kelly, Patch and Smith knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33. As a result of Defendants Hartford's, Premier's, Kelly's, Patch's and Smith's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

34. Plaintiffs' experience regarding their claim with Defendant Hartford is not an isolated case. The acts and omissions Hartford committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice and pattern of Hartford with regard to handling these types of claims. Hartford's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## COUNTS:

### COUNTS AGAINST KELLY, PATCH AND SMITH

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35. Defendants Kelly's, Patch's and Smith's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX. INS. CODE.§541.151.

36. Defendants Kelly, Patch and Smith are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Hartford, because they are "persons" as defined by TEX. INS. CODE.§541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including

an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE.§541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

37. Defendants Kelly's, Patch's and Smith's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(1).

38. Defendants Kelly's, Patch's and Smith's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(2)(A).

39. The unfair settlement practice of Defendants Kelly, Patch and Smith as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(3).

40. Defendants Kelly's, Patch's and Smith's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and

an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(4).

41. Defendants Kelly's, Patch's and Smith's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(7).

### COUNTS AGAINST DEFENDANT PREMIER

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42. Defendant Premier's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(A). All violations under this article are made actionable by TEX. INS. CODE.§541.151.

43. Defendant Premier's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(1).

44. Defendant Premier's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(2)(A).

45. Defendant Premier's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(3).

46. Defendant Premier's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(4).

47. Defendant Premier's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(7).

### COUNTS AGAINST HARTFORD, PREMIER, KELLY, PATCH AND SMITH

### FRAUD AGAINST ALL DEFENDANT PARTIES

48. Defendants Hartford, Premier, Kelly, Patch and Smith are liable to Plaintiffs for common law fraud.

49. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendants Hartford, Premier, Kelly, Patch and Smith knew were false or made recklessly without any knowledge of their truth as a positive assertion.

50. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, there causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD AGAINST ALL DEFENDANT PARTIES

51. Defendants Hartford, Premier, Kelly, Patch and Smith are liable to Plaintiffs for conspiracy to commit fraud. Defendants Hartford, Premier, Kelly, Patch and Smith were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Hartford, Premier, Kelly, Patch and Smith committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### COUNTS AGAINST HARTFORD ONLY

52. Defendant Hartford is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### ANTICIPATORY BREACH

53. Defendant Hartford committed an anticipatory breach of the insurance contract thus relieving Plaintiffs of any corresponding obligation on the contract. Hartford's denial of liability without justification was unreasonable and unjust. Hartford should be estopped from claiming a right to appraisal.

### BREACH OF CONTRACT

54. Defendant Hartford's conduct constitutes a breach of the insurance contract made between Hartford and Plaintiffs.

55. Defendant Hartford's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Hartford's insurance contract with Plaintiffs.

**WAIVER**

56. Defendant Hartford's denial of liability before suit was filed and delay in requesting appraisal in this case resulted in waiver.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

57. Defendant Hartford's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(A). All violations under this article are made actionable by TEX. INS. CODE.§541.151.

58. Defendant Hartford's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(1).

59. Defendant Hartford's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Hartford's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(2)(A).

60. Defendant Hartford's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the

facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. Code.§541.060(3).

61. Defendant Hartford's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(4).

62. Defendant Hartford's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE.§541.060(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

63. Defendant Hartford's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. Code §542.060.

64. Defendant Hartford's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

65. Defendant Hartford's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

66. Defendant Hartford's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

67. Defendant Hartford's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

68. Defendant Hartford's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Hartford knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

69. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## DAMAGES

70. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

71. As previously mentioned, the damages caused by Hurricane Ike rendered Plaintiffs' residence substantially damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants Hartford's, Premier's, Kelly's, Patch's and Smith's mishandling of Plaintiffs' claim in violation of the laws set forth above.

72. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney fees.

73. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

74. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

75. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

76. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

77. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

78. Plaintiffs previously requested that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiffs have tendered the appropriate jury fee.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**The Mostyn Law Firm**

BY:  */s/ Gregory F. Cox*
     Gregory F. Cox
     Texas State Bar No. 00793561
     6280 Deleware Street
     Beaumont, Texas 77706
     Telephone: (409) 832-2777
     Facsimile: (409) 832-2703

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of *Plaintiff's First Amended Complaint* was served on the attorneys in charge for Defendants by electronic filing pursuant to the Federal Rules of Civil Procedure, on this, the 1st day of April , 2010.

  Martin R. Sadler
  Martin, Disiere, Jefferson & Wisdom
  808 Travis, Suite 1800
  Houston, TX 77002
  Attorney for Defendants

        */s/ Gregory F. Cox*
        Gregory F. Cox